UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GERALD WILSON, | Case No.: 16cv2100-BTM (MSB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| A. CUEVAS, et al., | |
| Defendants. | |

On December 3, 2018, Plaintiff Gerald Wilson ("Plaintiff") submitted a motion for appointment of counsel that the Court accepted on discrepancy on December 4, 2018. (See ECF Nos. 56 and 57.) Plaintiff's primary argument in support of his request for counsel is that his "failing health will greatly limit his ability to continue to litigate this case." (See ECF No. 57 at 1.) In support of this premise, Plaintiff explains that he has developed moderate degenerative arthritis in his cervical spine, he experiences cramping in his fingers and toes with severe pain that renders him unable to walk at times, he takes pain medication three times daily, and he walks with a cane and is permanently disabled. (Id. at 2-3.) He also correctly notes that the case has a pending motion to compel with a filing deadline and a Mandatory Settlement Conference set before the Court. (Id. at 3.) Additionally, Plaintiff states that he cannot afford an attorney; the issues in his case are complex; the defendants appear unwilling to settle;

an attorney would be able to help with the writing and typing in this case, the presentation of evidence, and the cross examination of witnesses; and that his case "will suffer great prejudice if the Court does not appoint counsel." (Id. at 1-3.)

## I. RELEVANT BACKGROUND

Plaintiff, a California prisoner proceeding pro se and in forma pauperis, filed this civil rights case alleging violations of the First and Eighth Amendments against state prison correctional officers arising from interactions between Plaintiff and Defendants on Janaury 27, 2016, culminating with what Plaintiff described as excessive use of force by Defendants against Plaintiff. (Compl. 13-16, ECF No. 1.) Defendants in this case have filed both a motion to dismiss [ECF No. 20] and a motion for partial summary judgment [ECF No. 21]. The District Court granted Defendants' Motion for Summary Judgment of Plaintiffs' Eighth Amendment claim for deliberate indifference to serious medical needs, finding that Plaintiff had not administratively exhausted that claim, and denied Defendants' Motion to Dismiss for failure to state a claim. (Order 12, 16, ECF No. 29.) The Court issued a Case Management Conference Order on February 16, 2018, and will hold a Mandatory Settlement Conference on January 16, 2019. (Orders, ECF Nos. 32, 54.)

The parties submitted a Joint Discovery Plan on March 15, 2018. (ECF No. 34.) Both the instant motion and Plaintiff's motion to compel further responses to his Requests for Production of Documents (ECF No. 50, filed October 15, 2018) are currently pending before this Court.

## II. LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts have the authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When assessing whether exceptional circumstances exist, the

Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Courts must review both of these factors before deciding whether to appoint counsel, and neither factor is individually dispositive. Id.

## II.     ANALYSIS

### A.     Likelihood of Success on the Merits

A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the *Wilborn* test. See, e.g., Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that where the plaintiff offered "no evidence other than his own assertions to support his claims," he failed to satisfy the first *Wilborn* factor). The Court notes that Plaintiff has not presented evidence to the Court regarding the likelihood of his success on the merits of his two remaining claims for Excessive Use of Force in violation of the Eighth Amendment and Retaliation in violation of the First Amendment. (See ECF No. 29.) Though the allegations Plaintiff raised in his complaint regarding his two remaining claims are sufficient to state a claim for relief (see ECF Nos. 1 and 29), it is premature for the Court to determine the strength of his claims. For this reason, this factor does not support the appointment of counsel.

### B.     Plaintiff's Ability to Articulate his Claims

Where a pro se civil rights plaintiff shows he has a good grasp of basic litigation procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding that the second *Wilborn* factor was not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented evidence effectively"). The Court has reviewed all of the documents filed by Plaintiff in this case including the instant motion, the complaint [ECF No. 1], Declaration [ECF No. 5], motion to proceed in forma pauperis [ECF No. 6], notices

3

of change of address [ECF Nos. 7, 37, 38, 39, 40, 41, and 42], motion for extension of time to file opposition [ECF No. 24], response in opposition to motion for partial summary judgment [ECF No. 27], response to Order to Show Cause [ECF No. 30], Notice, Consent, and Reference of a Civil Case to a Magistrate Judge [ECF No. 36], motion for leave to appear telephonically at Mandatory Settlement Conference [ECF No. 46], and motion to compel responses to discovery [ECF No. 50].  From this review, it is clear to the Court that Plaintiff is able to articulate his claims and navigate civil procedure without legal assistance.  Although Plaintiff claims this case is complex [ECF No. 57 at 2], the Court notes that the two claims remaining in the case have been clearly pled and survived Defendants' Motion to Dismiss.  (See ECF No. 29.)  Additionally, the parties have represented that discovery in the case "will not be extensive" and is "very focused."  (Joint Discovery Plan, ECF No. 34 at 4.)

Plaintiff's submissions to date and the parties representations in the Joint Discovery Plan demonstrate to the Court that the complexity of this case does not exceed Plaintff's abilities.  While the Court is sympathetic to Plaintiff's identified health concerns, it does not appear that the described conditions are exceptional circumstances that interfere with his continued ability to advocate for his position, such that they justify appointment of counsel.  To the extent that Plaintiff requests an attorney to assist him with presentation of evidence and cross examination of witnesses, most prisoners in civil rights cases would prefer the expertise of an attorney.  As such, lacking legal expertise is the norm rather than an exceptional circumstance.  See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).

### III.     CONCLUSION AND ORDER

Viewing the *Wilborn* factors together, Plaintiff has not shown that he enjoys a likelihood of success on the merits or that he is not able to articulate his claims and litigate his case without the assistance of an attorney.  The Court finds Plaintiff has not

established exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). The Court, therefore, **DENIES** Plaintiff's motion for appointment of counsel **without prejudice**.

**IT IS SO ORDERED.**

Dated: December 7, 2018

_____
Honorable Michael S. Berg
United States Magistrate Judge